**SO ORDERED.**

**DONE and SIGNED September 6, 2023.**



_____
**JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 22-11291 |
| | § | |
| Christopher Dale Middleton | § | Chapter 13 |
| Debtor | § | |

## Memorandum Ruling

The chapter 13 trustee objects to Debtor's plan because it does not pay all of Debtor's disposable income to creditors. The trustee challenges the calculation of Debtor's disposable income.

When calculating disposable income, the Bankruptcy Code permits an above-median debtor to deduct amounts that are "contractually due" to each secured creditor in the 60 months after the filing of the bankruptcy petition. Here, Debtor deducted amounts due under a judgment, not a contract. The trustee argues that such deduction is improper.

For the reasons that follow, the objection is sustained.

## Background

The facts are not in dispute. On December 19, 2022, Christopher Dale Middleton ("**Debtor**") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Prior to the filing of the petition, Debtor obtained loans from a financing company, Gulfco of Louisiana, LLC d/b/a Tower Loan of Mansfield ("**Gulfco**"). He executed two loan agreements. The first agreement required Debtor to pay $8,416.73 plus interest accruing at the rate of 28.82% per annum in 26 equal monthly installments ending on April 5, 2023. The second agreement required him to pay $17,859.40 plus interest at the rate of 25.09% per annum in 36 equal monthly installments ending on April 9, 2024.

To secure the loans, Debtor granted Gulfco a nonpossessory, nonpurchase-money security interest in collateral, including a 1998 Dodge Ram pickup truck, a 2006 International wrecker, tractors, trailers, household goods, firearms, tools, lawnmowers, and other movable property.[1] Gulfco properly perfected its security interest in the collateral.

Debtor defaulted on the obligations owed under the loan agreements. Thereafter, Gulfco sued Debtor and obtained a money judgment against him for $31,275.91, plus interest and attorneys' fees. On November 3, 2022, the judgment was recorded in the mortgage records in DeSoto Parish, Louisiana, where Debtor owns immovable property (his principal residence). Under Louisiana law, the

---

[1] Under Louisiana's civil law system, "things" are divided into movables and immovables, La. Civil Code art. 448, as opposed to common law systems where they are divided into personal and real property.

recording of the judgment created a judicial mortgage encumbering Debtor's immovable property. *See* La. Civ. Code art. 3300.

Before Gulfco could collect on the judgment or repossess any of its collateral, Debtor filed a bankruptcy petition. Gulfco did not file a proof of claim within the time permitted by Bankruptcy Rule 3002(c). Therefore, as permitted by Bankruptcy Rule 3004, Debtor filed a claim on Gulfco's behalf. Debtor listed the amount of the claim as $42,600.00 and stated that it is secured by property having a value of $7,570.00. The proof of claim listed the secured amount as $7,570.00 and the unsecured amount as $35,030.00.

Debtor proposed a chapter 13 plan. The plan: 1) states that the judicial mortgage encumbering Debtor's house is subject to avoidance under 11 U.S.C. § 522(f) because it impairs his homestead exemption; 2) requests this court to value the collateral securing Gulfco's claim as $7,570.00; 3) proposes to pay Gulfco's secured claim in equal monthly installments during the life of the plan at 8% interest ($153.49 per month); 4) treats the remainder of Gulfco's claim ($35,030.00) as an unsecured claim; and 5) proposes to pay the holders of all non-priority unsecured claims their pro rata share of $34,000.00, representing a projected 32% dividend to unsecured creditors.

Debtor earns an income that is above the median for his State. As such, he is required to use Official Form 122C-2 to calculate his monthly disposable income. The calculations on this form—sometimes called the "means test"—reduce a debtor's income by living expenses and payment of certain debts, resulting in the

amount available to pay unsecured debts.

The trustee objects to Debtor's calculation of his disposable income under the means test because it includes a deduction for the debt owed to Gulfco. The Official Form provides a deduction for debt payments that are secured by an interest in property. The form instructs: "To calculate the total average monthly payment, add all amounts that are *contractually due* to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60." *See* Official Form 122C-2, Line 33 (emphasis added).

Debtor entered $710.00 on Line 33 by taking the total amount of Gulfco's claim ($42,600.00) and then dividing by 60. The trustee objects to this deduction for two reasons. First, Debtor's obligation to Gulfco arises from a money judgment, not a contract. Second, to the extent a deduction for Gulfco's secured debt is permissible, Debtor should calculate his average monthly payment based on the amount necessary to satisfy Gulfco's secured claim ($7,570.00 plus 8% interest), instead of the total amount due to Gulfco ($42,600.00).

The trustee objects to the plan on the ground that it fails to pay all of Debtor's disposable income to unsecured creditors. To the extent that it is improper to deduct any portion of the judgment debt, Debtor's plan shortchanges creditors by $710.00 each month or $42,600.00 over the life of the 60-month plan. Alternatively, if judgment debts are deductible, the trustee argues that the plan shortchanges creditors by $556.51 each month or $33,390.60 over the life of the plan, representing the difference between $710.00 claimed by Debtor on Line 33 of the means test and

$153.49 (which is the amount to be paid to Gulfco under the plan for its secured claim). Either way, the trustee contends that the plan fails to pay all of Debtor's disposable income.

## Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. Venue is proper in this district. 28 U.S.C. §§ 1408 and 1409. This matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

## Conclusions of Law and Analysis

In a chapter 13 bankruptcy, a debtor must file a plan providing for future payment of his creditors. 11 U.S.C. § 1322. The plan must be "proposed in good faith and by means not forbidden by law." § 1325(a)(3). If the trustee objects to the plan, it cannot be confirmed unless it either provides for full payment of creditors' claims or provides for all the debtor's projected disposable income to be distributed to creditors. § 1325(b)(1).

The Bankruptcy Code does not provide a definition of *projected* disposable income. *Hamilton v. Lanning*, 560 U.S. 505, 509 (2010). Disposable income, however, is defined in the Code to mean "current monthly income received by the debtor ... less amounts reasonably necessary to be expended." *Id*. 11 U.S.C. § 1325(b)(2). For a debtor whose income is above the median for his State, the Code instructs that "[a]mounts reasonably necessary to be expended ... shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)." §

1325(b)(3).

The statute defines "[a]mounts reasonably necessary to be expended" to include a debtor's average monthly payments on account of secured debts. § 707(b)(2)(A)(i), (iii). It also tells a debtor how to calculate such "average monthly payments." 707(b)(2)(A)(iii). As relevant here, the statute provides, in pertinent part:

> The debtor's average monthly payments on account of secured debts shall be calculated as the sum of ... the total of all amounts scheduled as *contractually due* to secured creditors in each month of the 60 months *following the date of the filing of the petition* ... divided by 60.

§ 707(b)(2)(A)(iii)(I) (emphasis added).

Here, no amount is "contractually due" to Gulfco in any of the 60 months after the date of the filing of the petition because the right to payment under the contract was reduced to judgment prior to the petition. The contract was governed by Louisiana law. The judgment was rendered by a Louisiana court. In Louisiana, when a claim is reduced to judgment, the claim is "merged" into the judgment. *See* La. R.S. 13:4231(1) ("If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment."). Upon merger, the contractual claims were extinguished and only a judgment debt remains. Gulfco's security interest in its collateral remains intact even though the judgment does not recognize the security interest. *See* La. R.S. 10:9-601(e).

The statute provides that the average monthly payments on account of

secured debts "shall be calculated" based on the amounts "contractually due" to secured creditors. § 707(b)(2)(A)(iii)(I). If Congress had wanted debtors to deduct monthly payments for *all* secured debts, it could have omitted the phrase "contractually due" altogether. Without that phrase, a debtor would be eligible to claim a deduction for all amounts due under any secured claim. Congress presumably included "contractually due" to achieve a different result. *See Leocal v. Ashcroft,* 543 U.S. 1, 12, (2004) ("[W]e must give effect to every word of a statute wherever possible"). Interpreting the statute to exclude judgment debt ensures that the phrase "contractually due" carries meaning, as each word or phrase in a statute should.

This court concludes that the means test does not permit a debtor to deduct amounts due to a judgment creditor. Other courts that have addressed this issue have reached the same conclusion. *See In re Ballard*, No. 07-61486, 2008 WL 783408, at *5 (Bankr. N.D. Ohio Mar. 25, 2008) ("When a prepetition judgment of foreclosure is entered, the underlying contract is merged into the judgment, thereby extinguishing the contractual terms. The dissipation of the contract means that no amounts are 'contractually due' and therefore Debtors may not claim an expense deduction for the mortgage on [the means test]."); *In re Allocco*, No. 16-10634 (SLM), 2018 WL 2215966, at *9 (Bankr. D.N.J. May 11, 2018) ("Debtor's liability to the Mortgagee arose from the pre-petition foreclosure judgment, not the Promissory Note. Again, looking at the plain meaning of the statute, a secured debt cannot be 'contractually due' where there is no contract. The doctrine of merger eliminated

any contractual claim Mortgagee had against Debtor. Therefore, Debtor cannot include monthly mortgage payments as expenses for purposes of the Means Test analysis.").

Having determined that it is improper for Debtor to deduct any portion of the amount due to Gulfco, there is no need for this court to reach the trustee's alternative argument about limiting the amount of the deduction to the secured debt payments proposed under the plan.

### Conclusion

Debtor did not follow the instructions for the Official Form used to calculate his monthly disposable income. He is not entitled to deduct any amount due to Gulfco, a judgment creditor.

Accordingly, the trustee's objection to the plan is sustained. Confirmation of the plan is denied. The court will enter a separate order in accordance with this ruling.

###